Frenk v Solomon (2019 NY Slip Op 04654)





Frenk v Solomon


2019 NY Slip Op 04654


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9588 650298/13

[*1]Margit Frenk, Plaintiff-Appellant,
v
Y ris Rabenou Solomon, etc., et al., Defendants-Respondents.


Tarter Krinsky & Drogin LLP, New York (Debra Bodian Bernstein of counsel), for appellant.
Pryor Cashman LLP, New York (William L. Charron of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered September 10, 2018, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court correctly found that this action to recover certain stolen art is barred by the general release and stipulation of discontinuance in the 1973 action brought by plaintiff's mother, Mariana Frenk-Westheim, widow of Paul Westheim, a German art collector, critic, and publisher (see Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Matter of Hofmann, 287 AD2d 119, 123 [1st Dept 2001]). Plaintiff failed to present evidence that her mother intended to release claims with regard to one single painting only; on its face, the release encompasses all claims of any kind whatsoever, and the 1973 lawsuit sought the return of any and all works of art alleged to have been formerly owned by Westheim.
Plaintiff failed to present evidence in support of her contention that defendants are barred from relying on the release and stipulation by fraudulent inducement and the doctrine of equitable estoppel. The claim of fraudulent inducement is supported by the allegations that Charlotte Weidler, Westheim's former colleague, friend, and lover, had converted art entrusted to her by Westheim and lied about its whereabouts in the years after the Second World War. These allegations do not establish a fraud separate from the subject of the release but are the same facts as those alleged in the 1973 complaint (see Centro Empresarial, 17 NY3d at 276; Pappas v Tzolis, 20 NY3d 228, 233-234 [2012]). Moreover, plaintiff cannot establish reasonable reliance upon any statements allegedly given by Weidler to Frenk-Westheim that Weidler had no other knowledge of the Westheim art collection, in view of the fact that Weidler had advised Frenk-Westheim's counsel that she had additional works, but they were all either gifts from Westheim or purchased from him (Centro Empresarial, 20 NY3d at 276).
Plaintiff failed to present evidence of affirmative conduct or a failure to act that unmistakably manifests Weidler's waiver or abandonment of her rights under the release (see Fundamental Portfolio Advisors, Inc. v Toqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]; EchoStar Satellite L.L.C. v ESPN, Inc., 79 AD3d 614, 617-618 [1st Dept 2010]). Weidler's alleged agreement to split the proceeds of sale of another work with Frenk-Westheim, assuming there was such an agreement, is too doubtful or equivocal an act from which to infer an intention to waive those rights.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK